## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Agreement") is made as of this 20th day of August, 2014, by, between, and among the following undersigned parties (collectively, "Parties," and each a "Party"): the Federal Deposit Insurance Corporation ("FDIC") as Receiver for 1st Pacific Bank of California, the FDIC as Receiver for Affinity Bank, the FDIC as Receiver for CF Bancorp, the FDIC as Receiver for Citizens National Bank ("FDIC-R-Citizens"), the FDIC as Receiver for Colonial Bank ("FDIC-R-Colonial"), the FDIC as Receiver for Eurobank, the FDIC as Receiver for First Banking Center, the FDIC as Receiver for First Dupage Bank, the FDIC as Receiver for Franklin Bank, S.S.B. ("FDIC-R-Franklin"), the FDIC as Receiver for Guaranty Bank ("FDIC-R-Guaranty"), the FDIC as Receiver for Horizon Bank, the FDIC as Receiver for Imperial Capital Bank, the FDIC as Receiver for Independent Bankers Bank, the FDIC as Receiver for Los Padres Bank, the FDIC as Receiver for Palos Bank & Trust Co., the FDIC as Receiver for Platinum Community Bank ("FDIC-R-Platinum"), the FDIC as Receiver for Prosperan Bank, the FDIC as Receiver for SCB Bank, the FDIC as Receiver for Security Savings Bank ("FDIC-R-Security"), the FDIC as Receiver for ShoreBank, the FDIC as Receiver for Statewide Bank, the FDIC as Receiver for Strategic Capital Bank ("FDIC-R-Strategic"), the FDIC as Receiver for United Western Bank, F.S.B. ("FDIC-R-UWB"), the FDIC as Receiver for USA Bank, the FDIC as Receiver for Venture Bank, and the FDIC as Receiver for Warren Bank (the FDIC in its capacity as receiver for each of the Failed Banks referred to as "FDIC-R"),[1] on the one hand, and Bank of America Corporation, Banc of America Funding Corporation, Banc of America Securities LLC, Banc of America Mortgage Securities, Inc., Bank of America, N.A., NB Holdings, Inc., Countrywide Financial Corporation, Countrywide Securities Corporation, Countrywide Home Loans, Inc., CWMBS, Inc., CWALT, Inc., CWABS, Inc., CWHEQ, Inc., Countrywide Capital Markets, LLC, Merrill Lynch Mortgage Capital Inc., Merrill Lynch Mortgage Investors Inc., and Merrill Lynch, Pierce, Fenner & Smith Inc. (collectively, "BofA Entities"), on the other.

**WHEREAS**:

The Failed Banks were depository institutions organized and existing under the laws of United States and certain States. When each Failed Bank was closed, the FDIC was appointed Receiver pursuant to 12 U.S.C. § 1821(c).

In accordance with 12 U.S.C. § 1821(d), the FDIC as Receiver succeeded to all rights, titles, powers and privileges of each Failed Bank, including those with respect to its assets.

---

[1] 1st Pacific Bank of California, Affinity Bank, CF Bancorp, Citizens National Bank, Colonial Bank, Eurobank, First Banking Center, First Dupage Bank, Franklin Bank, S.S.B., Guaranty Bank, Horizon Bank, Imperial Capital Bank, Independent Bankers Bank, Los Padres Bank, Palos Bank & Trust Co., Platinum Community Bank, Prosperan Bank, SCB Bank, Security Savings Bank, ShoreBank, Statewide Bank, Strategic Capital Bank, United Western Bank, F.S.B., USA Bank, Venture Bank, and Warren Bank will collectively be referred to herein as the "Failed Banks."

Among the assets of the Failed Banks to which the FDIC-R succeeded were any and all of the Failed Banks' claims, demands, and causes of action arising from any action or inaction related to any loss incurred by the Failed Banks.

FDIC-R-7[2] commenced 14 residential mortgage-backed securities ("RMBS") lawsuits against BofA Entities ("RMBS Actions").[3]  A list of the Certificates in the RMBS Actions is set forth in Exhibit A.

In *Maine State Retirement System v. Countrywide Fin. Corp.*, Case No. 10-cv-302-MRP, *Luther v. Countrywide Fin. Corp.*, Case No. 12-cv-5125-MRP, and *Western Conference of Teamsters Pension Trust Fund v. Countrywide Fin. Corp.*, Case No. 12-cv-5122-MRP (C.D. Cal.) ("Class Actions"), FDIC-R-19[4] objected to the proposed class action settlements ("Class Actions Objection").  A list of the Certificates in the Class Action Objection is set forth in Exhibit B.  FDIC-R-19's appeals of the district court's order granting final approval of the class action settlement in those cases are pending in the U.S. Court of Appeals for the Ninth Circuit, Appeal Nos. 14-55121, 14-55128, and 14-55120.

---

[2] FDIC-R-7 are: FDIC-R-Citizens, FDIC-R-Colonial, FDIC-R-Franklin, FDIC-R-Guaranty, FDIC-R-Security, FDIC-R-Strategic, and FDIC-R-UWB.

[3] The RMBS Actions are: *FDIC as Receiver for United Western Bank, F.S.B. v. Countrywide Fin. Corp., et al.*, No. 2:11-cv-10400-MRP (C.D. Cal.); *FDIC as Receiver for Franklin Bank, S.S.B. v. Countrywide Securities Corp., et al.*, No. 12-cv-03279-MRP (C.D. Cal.); *FDIC as Receiver for Citizens National Bank and as Receiver for Strategic Capital Bank v. Bear Stearns Asset Backed Securities I LLC, et al.*, No. 12 Civ. 4000 (S.D.N.Y.); *FDIC as Receiver for Guaranty Bank v. Merrill Lynch, et al.*, No. 1:14-cv-00126-SS (W.D. Tex.); *FDIC as Receiver for Colonial Bank v. Chase Mortgage Finance Corp., et al.*, No. 12 Civ. 6166 (S.D.N.Y.); *FDIC as Receiver for Colonial Bank v. Banc of America Funding Corp., et al.*, No. 03-CV-2012-901035.000 (Cir. Ct. of Montgomery County, Ala.); *FDIC as Receiver for Colonial Bank v. Countrywide Securities Corp., et al.*, No. 12-cv-08317 (C.D. Cal); *FDIC as Receiver for Security Savings Bank v. Banc of America Securities LLC, et al.*, No. 12-cv-06690-MRP (C.D. Cal.); *FDIC as Receiver for United Western Bank, F.S.B. v. Banc of America Funding Corp., et al.*, No. 1:14-cv-00418- PAB-MJW (D. Colo.); *FDIC as Receiver for Guaranty Bank v. Countrywide Securities Corp., et al.*, No. 12-cv-08558-MRP (C.D. Cal.), *on appeal*, No. 13-56675 (9th Cir.); *FDIC as Receiver for Strategic Capital Bank v. Countrywide Fin. Corp., et al.*, No. 12-cv-04354-MRP (C.D. Cal.), *on appeal*, No. 12-57299 (9th Cir.); *FDIC as Receiver for Strategic Capital Bank v. J.P. Morgan Securities LLC, et al.*, No. 12-cv-08415-MRP (C.D. Cal.), *on appeal*, No. 13-56781 (9th Cir.); *FDIC as Receiver for Colonial Bank v. Countrywide Securities Corp., et al.*, No. 12-cv-06911-MRP, *on appeal*, No. 13-56783 (9th Cir.); and *FDIC as Receiver for Security Savings Bank v. Countrywide Fin. Corp., et al.*, No. 12-cv-06692-MRP (C.D. Cal.), *on appeal* No. 13-56613 (9th Cir.).

[4] FDIC-R-19 are: FDIC as Receiver for 1st Pacific Bank of California, FDIC as Receiver for Affinity Bank, FDIC as Receiver for CF Bancorp, FDIC-R-Citizens, FDIC as Receiver for Eurobank, FDIC as Receiver for First Banking Center, FDIC as Receiver for First Dupage Bank, FDIC as Receiver for Horizon Bank, FDIC as Receiver for Imperial Capital Bank, FDIC as Receiver for Independent Bankers Bank, FDIC as Receiver for Los Padres Bank, FDIC as Receiver for Palos Bank & Trust Co., FDIC as Receiver for Prosperan Bank, FDIC as Receiver for SCB Bank, FDIC as Receiver for ShoreBank, FDIC as Receiver for Statewide Bank, FDIC as Receiver for USA Bank, FDIC as Receiver for Venture Bank, and FDIC as Receiver for Warren Bank.

Bank of America, N.A. commenced (1) a lawsuit against FDIC-R-Colonial and FDIC-R-Platinum in the U.S. District Court for the District of Columbia, *Bank of America, N.A. v. FDIC in its capacity as Receiver for Colonial Bank and in its capacity as Receiver for Platinum Community Bank*, Case No. 1:10-cv-01681-BJR (the "Ocala Action"), and (2) a lawsuit against FDIC-R-Colonial in the U.S. District Court for the District of Columbia, *Bank of America, N.A. v. Federal Deposit Insurance Corporation*, Case No. 1:13-cv-01119-BJR (the "APA Action").

FDIC-R-Colonial commenced counterclaims in the Ocala Action against Bank of America, N.A.

In connection with the Ocala Action and the APA Action, a law firm representing Bank of America, N.A., has commenced a lawsuit under the Freedom of Information Act in the U.S. District Court for the District of Columbia, *Hunton & Williams v. Federal Deposit Insurance Corporation*, Case No. 1:13-cv-01123-BJR (the "FOIA Action").

The BofA Entities deny all liability with respect to all claims that the FDIC-R has brought or threatened to bring on behalf of the Failed Banks.  FDIC-R-Colonial and FDIC-R-Platinum deny all liability with respect to the Ocala Action.  FDIC-R-Colonial denies all liability with respect to the APA Action.  FDIC denies all liability with respect to the FOIA Action.

The Parties deem it in their best interests to enter into this Agreement to avoid the uncertainty, trouble, and expense of further litigation of the RMBS Actions, the Class Action Objection, the Ocala Action, the APA Action, and the FOIA Action (collectively, "Actions").

**NOW, THEREFORE**, in consideration of the promises, undertakings, payments, and releases stated herein, the sufficiency of which consideration is hereby acknowledged, the Parties agree, each with the other, as follows:

1. **Payment.** As an essential covenant and condition to this Agreement, and as consideration for the releases and dismissals contained herein, certain of the BofA Entities shall pay or cause to be paid ONE BILLION, THIRTY-ONE MILLION DOLLARS ($1,031,000,000.00) to the FDIC-R ("Settlement Funds") in accordance with the terms of the agreement dated August 20, 2014, among the United States Department of Justice ("DOJ"), those BofA Entities and certain States (the "DOJ Agreement").  In the event that the Settlement Funds are not delivered to the DOJ in accordance with the terms of the DOJ Agreement, interest shall accrue on all unpaid amounts at the rate of 5 percent per annum from the date the payment was due under the terms of the DOJ Agreement, which shall be no earlier than October 1, 2014, until the date the DOJ receives payment.  Without waiving any other rights that the FDIC-R may have, in the event that all Settlement Funds are not received by the DOJ in accordance with the terms of the DOJ Agreement, or all accrued interest is not received by the DOJ within a reasonable time, then the FDIC-R, in its sole discretion, shall have the right to declare this Agreement null and void, shall have the right to extend this Agreement for any period of time until it receives all Settlement Funds (including all accrued interest), and/or shall have the right to enforce this Agreement, in which event the BofA Entities agree to jurisdiction in the United States District Court for the District of Columbia.  The prevailing party in any

such litigation agrees to pay the other's reasonable attorney's fees.  Any decision by the FDIC-R to extend the terms of this Agreement or to accept a portion of the Settlement Funds shall not prejudice its rights to declare this Agreement null and void at any time prior to receipt by the DOJ of all Settlement Funds (including all accrued interest) or to enforce the terms of this Settlement Agreement; provided however, that in the event the FDIC-R declares this Agreement null and void, the FDIC-R will return to the BofA Entities any and all amounts paid to it under this Agreement.

2. **Dismissals.**

   a. Upon receipt of the Settlement Funds by the DOJ, (i) the FDIC-R-7 shall move to dismiss the BofA Entities from the RMBS Actions with prejudice, including dismissing all appeals filed in such actions; (ii) FDIC-R-19 shall withdraw from the Class Actions, including by withdrawing its Class Action Objections with prejudice and dismissing any pending appeals related to the Class Action Objections with prejudice, and shall not take any action to oppose (A) the settlement of the Class Actions (including providing assistance to any other objector) or (B) any amendment or modification thereto; and (iii) FDIC-R-Colonial shall move to dismiss Bank of America, N.A. from the Ocala Action with prejudice.

   b. Upon the FDIC-R's submission of motions or other appropriate papers to dismiss Bank of America, N.A. from the Ocala Action, Bank of America, N.A. shall (i) move to dismiss FDIC-R-Colonial and FDIC-R-Platinum from the Ocala Action with prejudice, (ii) move to dismiss the FDIC-R-Colonial from the APA Action with prejudice, and (iii) instruct its attorneys to enter into a stipulation with FDIC to dismiss the FOIA Action with prejudice.

   c. The FDIC-R and the BofA Entities agree to enter into stipulations providing that the dismissals in the Actions, including the FOIA Action, shall be with prejudice, with each party to bear its own costs and attorney's fees.

3. **FDIC-R Releases.**  Upon dismissal of the Actions with prejudice, the FDIC-R hereby releases and discharges the BofA Entities and all of their respective current or former direct or indirect parents, subsidiaries, and affiliates, together with each of their respective successors and each of their respective current or former shareholders, officers, directors, employees, attorneys and other agents, but solely in their capacities as such (collectively, the "BofA Entities Releasees"), from any and all claims, demands, actions, causes of action, and liabilities of any type, whether known or unknown, whether asserted or unasserted, whether disclosed or undisclosed, whether accrued or unaccrued, whether fixed or contingent, whether direct or indirect, and whether at law or in equity, based upon or relating to:

   a. any Failed Bank's purchase, ownership, or sale of the RMBS certificates identified on Exhibit A or Exhibit B, including but not limited to the facts, transactions, representations, or omissions alleged in the complaints and amended

complaints filed in the RMBS Actions and the Class Actions (the FDIC-R does not release its claims against the non-BofA Entities defendants in the RMBS Actions); and

b.   the facts and circumstances alleged in the counterclaims filed by FDIC-R-Colonial in the Ocala Action.

4.   **BofA Entities Releases.**  Upon dismissal of the Actions with prejudice, the BofA Entities, on behalf of themselves and the other BofA Entities Releasees, hereby release and discharge the FDIC-R and the FDIC, and their current or former employees, officers, directors, representatives, successors, and assigns, from any and all claims, demands, actions, causes of action, and liabilities of any type, whether known or unknown, whether asserted or unasserted, whether disclosed or undisclosed, whether accrued or unaccrued, whether fixed or contingent, whether direct or indirect, and whether at law or in equity, based upon or relating to the facts, transactions, representations, or omissions alleged in the complaints and amended complaints filed in the Actions.

5.   **Release of Certain Indemnification Claims Against FDIC Corporate and Against FDIC as Receiver.**  The BofA Entities hereby irrevocably waive any rights that they otherwise might have to seek (and in any event agree that they shall not seek) any form of indemnification, reimbursement or contribution from the FDIC in any capacity, including the FDIC in its Corporate Capacity or the FDIC in its Receiver Capacity, for any payment that is a portion of the Settlement Funds or the Amount set forth in Paragraph 1 of the DOJ Agreement or of the Consumer Relief set forth in Paragraph 2 of the DOJ Agreement, including payments to the United States and the States (California, Delaware, Illinois, Kentucky, Maryland, and New York), made pursuant to Paragraphs 1 and 2 of the DOJ Agreement.

6.   **Release of Unknown Claims.**  Each of the FDIC-R and the BofA Entities acknowledge that they have been advised by their attorneys concerning, and are familiar with, California Civil Code Section 1542 and expressly waive any and all provisions, rights, and benefits conferred by California Civil Code Section 1542 or any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to the provisions of the California Civil Code Section 1542, including that provision itself, which reads as follows:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH, IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

The Parties acknowledge that inclusion of the provisions of this Paragraph 6 of this Agreement was a material and separately bargained-for element of this Agreement.  The Parties further acknowledge that the releases granted herein are specific releases, not general releases.

7. **Authority.** The FDIC-R represents that under the Federal Deposit Insurance Act, the FDIC is authorized to be appointed as receiver for failed depository institutions and that it succeeded to all rights, titles, powers, and privileges of the Failed Banks, and any shareholder, member, accountholder, depositor, officer, and director of the Failed Banks with respect to each Failed Bank and the assets of that Failed Bank, including, but not limited to, the Failed Banks' claims against the BofA Entities. The FDIC-R further represents that it is empowered to sue and complain in any court of law to pursue, *inter alia*, the claims against the BofA Entities asserted in the Actions. Each Party represents that it has full authority to enter into this Agreement and that it has the full power and authority to bind such Party to each and every provision of the Agreement.

8. **Certain FDIC Claims Not Released.** Notwithstanding the releases in Paragraph 3 above, the FDIC, in any capacity, shall not release, and expressly preserves fully and to the same extent as if the Agreement had not been executed (provided, that this provision shall not be construed as an acknowledgment that any such claims or causes of action exist or are valid):

   a. any claims or causes of action against the BofA Entities or any other person or entity for liability, if any, incurred as the maker, endorser or guarantor of any promissory note or indebtedness payable or owed by them to the FDIC, to any financial institutions in receivership, to other financial institutions, or to any other person or entity (including without limitation any claims acquired by the FDIC as successor in interest to any financial institutions in receivership or any person or entity, excluding for avoidance of doubt any claims or causes of action expressly released in the Agreement);

   b. any claims or causes of action against the BofA Entities or any other person or entity relating in any way to the London Interbank Offered Rate;

   c. any claims or causes of action against the BofA Entities or any other person relating in any way to the BofA Entities' performance of duties or obligations as trustee for structured finance securities, including, but not limited to RMBS, purchased by any failed financial institution;

   d. any claims or causes of action by the FDIC in any capacity other than as Receiver for the Failed Banks; and

   e. any claims or causes of action against any person or entity not expressly released in this Agreement.

9. **Enforcement.** Except as otherwise expressly stated herein, nothing in the Agreement shall be construed or interpreted as limiting, waiving, releasing or compromising the jurisdiction and authority of the FDIC in the exercise of its supervisory or regulatory authority or to diminish its ability to institute administrative enforcement proceedings

seeking removal, prohibition, or any other administrative enforcement action which may arise by operation of law, rule, or regulation.

10. **Actions of the United States.** Notwithstanding any other provision of this Agreement, this Agreement shall not be construed as or interpreted as waiving, or intending to waive, any claims that could be brought by the United States or any department, agency, or instrumentality thereof (other than the FDIC-R), including, but not limited to, through the United States Department of Justice or any United States Attorney's Office.

11. **No Confidentiality.** The BofA Entities and the FDIC-R acknowledge and agree that this Agreement shall not be confidential and will be disclosed pursuant to the FDIC's applicable policies, procedures, and other legal requirements.

12. **No Admission of Liability.** The Parties each acknowledge and agree that the matters set forth in this Agreement constitute the settlement and compromise of disputed claims and that the Agreement is not an admission or evidence of liability or the insufficiency of any defense by any of them regarding any claim, all of which are expressly disputed. The Parties further acknowledge that they may not base any claim of waiver or estoppel in any other matter upon the execution of the Agreement or payment of consideration described herein.

13. **Representations and Acknowledgements.**

    a.  <u>Execution in Counterparts</u>.  This Agreement may be executed in counterparts by one or more of the Parties and all such counterparts when so executed shall together constitute the final Agreement, as if one document had been signed by all Parties hereto; and each such counterpart, upon execution and delivery, shall be deemed a complete original, binding the Party or Parties subscribed thereto upon the execution by all Parties to the Agreement.

    b.  <u>Binding Effect</u>.  Each of the Parties represents and warrants that they are a Party hereto or are authorized to sign this Agreement on behalf of the respective Party, and that they have the full power and authority to bind such Party to each and every provision of the Agreement.  The Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, executors, administrators, representatives, successors and assigns.

    c.  <u>Choice of Law</u>.  This Agreement shall be interpreted, construed and enforced according to applicable federal law, or in its absence, the laws of the state of New York, without regard to conflicts of law principles.

    d.  <u>Jurisdiction</u>.  All Parties hereto submit to the personal jurisdiction of the United States District Court for the District of Columbia for purposes of implementing and enforcing the settlement embodied in this Agreement.

e.  <u>Entire Agreement and Amendments</u>.  Except as otherwise provided herein, this Agreement constitutes the entire agreement and understanding between and among the Parties concerning the matters set forth herein and replaces all prior negotiations and terms proposed or discussed, whether in writing or orally, about such matters.  The Agreement may not be amended or modified except by another written instrument signed by the Parties.

f.  <u>Reasonable Cooperation</u>.  The Parties agree to cooperate in good faith to effectuate all the terms and conditions of this Agreement, including doing or causing their agents and attorneys to do whatever is reasonably necessary to effectuate the signing, delivery, and execution of any documents necessary to perform the terms of this Agreement.

g.  <u>Advice of Counsel</u>.  Each Party hereby acknowledges that it has consulted with and obtained the advice of counsel prior to executing this Agreement, and that the Agreement has been explained to that Party by his or her counsel.

h.  <u>Notices</u>.  Notices required by this Agreement shall be communicated by email and any form of overnight mail or in person to:

Federal Deposit Insurance Corporation
Attn: Deputy General Counsel – Litigation and Resolutions Branch
3501 Fairfax Drive
Arlington, VA 22226

With copies to:

Federal Deposit Insurance Corporation
Attn: Assistant General Counsel –
     Professional Liability & Financial Crimes Section
3501 Fairfax Drive
Arlington, VA 22226

and

Federal Deposit Insurance Corporation
Attn: Assistant General Counsel –
     General Litigation Section
3501 Fairfax Drive
Arlington, VA 22226

and

David J. Grais (dgrais@graisellsworth.com)
Grais & Ellsworth LLP
1211 Avenue of the Americas
New York, New York 10036

and

Benjamin L. Bailey (bbailey@baileyglasser.com)
Bailey & Glasser LLP
209 Capitol Street
Charleston, WV  25301

*Attorneys for FDIC-R*

Brian E. Pastuszenski (bpastuszenski@goodwinprocter.com)
Inez H. Friedman-Boyce (ifriedmanboyce@goodwinprocter.com)
Goodwin Procter LLP
Exchange Place 53 State Street
Boston, Massachusetts  02109

and

Marc T.G. Dworsky (marc.dworsky@mto.com)
James C. Rutten (james.rutten@mto.com)
Munger, Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071

*Attorneys for the BofA Entities*


IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each of them or their duly authorized representatives on the dates hereinafter subscribed.

FDIC AS RECEIVER FOR 1ST PACIFIC BANK OF
CALIFORNIA; FDIC AS RECEIVER FOR AFFINITY
BANK; FDIC AS RECEIVER FOR CF BANCORP; FDIC
AS RECEIVER FOR CITIZENS NATIONAL BANK;
FDIC AS RECEIVER FOR COLONIAL BANK; FDIC AS
RECEIVER FOR EUROBANK; FDIC AS RECEIVER
FOR FIRST BANKING CENTER; FDIC AS RECEIVER
FOR FIRST DUPAGE BANK; FDIC AS RECEIVER FOR
FRANKLIN BANK, S.S.B.; FDIC AS RECEIVER FOR
GUARANTY BANK; FDIC AS RECEIVER FOR
HORIZON BANK; FDIC AS RECEIVER FOR
IMPERIAL CAPITAL BANK; FDIC AS RECEIVER FOR
INDEPENDENT BANKERS BANK; FDIC AS
RECEIVER FOR LOS PADRES BANK; FDIC AS
RECEIVER FOR PALOS BANK & TRUST CO.; FDIC
AS RECEIVER FOR PLATINUM COMMUNITY BANK;
FDIC AS RECEIVER FOR PROSPERAN BANK; FDIC
AS RECEIVER FOR SCB BANK; FDIC AS RECEIVER
FOR SECURITY SAVINGS BANK; FDIC AS
RECEIVER FOR SHOREBANK; FDIC AS RECEIVER
FOR STATEWIDE BANK; FDIC AS RECEIVER FOR
STRATEGIC CAPITAL BANK; FDIC AS RECEIVER
FOR UNITED WESTERN BANK, F.S.B.; FDIC AS
RECEIVER FOR USA BANK; FDIC AS RECEIVER
FOR VENTURE BANK; AND FDIC AS RECEIVER
FOR WARREN BANK

Date: _Aug. 20, 2014_                 BY: _[signature]_

PRINT NAME:  Floyd I. Robinson

TITLE:  Acting Deputy General Counsel –

Litigation and Resolution Branch

[SIGNATURE BLOCK(S) CONTINUE ON NEXT
PAGE]

BANK OF AMERICA CORPORATION

By: _JANA J. LITSEY_

Title: _DEPUTY GENERAL COUNSEL_

Date: 8/20/2014


BANK OF AMERICA, N.A.

By: _JANA J. LITSEY_

Title: _DEPUTY GENERAL COUNSEL_

Date: 8/20/2014


*[Signature Page to FDIC Agreement]*

BANC OF AMERICA FUNDING CORPORATION

_____

By: Baron Silverstein

Title: President

Date: 8/20/2014


BANC OF AMERICA MORTGAGE SECURITIES, INC.


_____

By:

Title:

Date:


NB HOLDINGS CORPORATION


_____

By:

Title:

Date:


*[Signature Page to FDIC Agreement]*

BANC OF AMERICA FUNDING CORPORATION

_____

By:

Title:

Date:


BANC OF AMERICA MORTGAGE SECURITIES, INC.

_____

By: Cheryl Glory

Title: President and CEO

Date: 8/20/2014


NB HOLDINGS CORPORATION

_____

By:

Title:

Date:

*[Signature Page to FDIC Agreement]*

BANC OF AMERICA FUNDING CORPORATION

_____

By:

Title:

Date:


BANC OF AMERICA MORTGAGE SECURITIES, INC.

_____

By:

Title:

Date:


NB HOLDINGS CORPORATION

_____

By:   Philip A. Wertz

Title:   Associate General Counsel & SVP

Date: 8/20/2014

*[Signature Page to FDIC Agreement]*

COUNTRYWIDE CAPITAL MARKETS, LLC

By:    Michael Schloessmann

Title:    President

Date: 8/20/2014

COUNTRYWIDE FINANCIAL CORPORATION

By:    Michael Schloessmann

Title:    CEO, President & Treasurer

Date: 8/20/2014

COUNTRYWIDE HOME LOANS, INC.

By:    Michael Schloessmann

Title:    CEO, President & Treasurer

Date: 8/20/2014

COUNTRYWIDE SECURITIES CORPORATION

By:    Michael Schloessmann

Title:    Director and President

Date: 8/20/2014

*[Signature Page to FDIC Agreement]*

CWABS, INC.

_____

By:   Michael Schloessmann

Title:   Director and Senior Vice President

Date: 8/20/2014

CWALT, INC.

_____

By:   Michael Schloessmann

Title:   Director and Senior Vice President

Date: 8/20/2014

CWHEQ, INC.

_____

By:   Michael Schloessmann

Title:   Director and Senior Vice President

Date: 8/20/2014

CWMBS, INC.

_____

By:   Michael Schloessmann

Title:   Director and Senior Vice President

Date: 8/20/2014

*[Signature Page to FDIC Agreement]*

MERRILL LYNCH MORTGAGE INVESTORS, INC.

By: Baron Silverstein

Title: Executive Vice President

Date: 8/20/2014


MERRILL LYNCH MORTGAGE CAPITAL, INC.

_____

By:

Title:

Date:


MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.
(ON ITS OWN BEHALF AND AS SUCCESSOR BY
MERGER TO BANC OF AMERICA SECURITIES LLC)

_____

By:

Title:

Date:


*[Signature Page to FDIC Agreement]*

MERRILL LYNCH MORTGAGE INVESTORS, INC.

_____

By:

Title:

Date:


MERRILL LYNCH MORTGAGE CAPITAL, INC.

_____

By: *William Arnold*

Title: *Chairman and President*

Date: 8/20/2014


MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.
(ON ITS OWN BEHALF AND AS SUCCESSOR BY
MERGER TO BANC OF AMERICA SECURITIES LLC)

_____

By:

Title:

Date:


*[Signature Page to FDIC Agreement]*

MERRILL LYNCH MORTGAGE INVESTORS, INC.

_____

By:

Title:

Date:

MERRILL LYNCH MORTGAGE CAPITAL, INC.

_____

By:

Title:

Date:

MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.
(ON ITS OWN BEHALF AND AS SUCCESSOR BY
MERGER TO BANC OF AMERICA SECURITIES LLC)

_____

By: William C. Caccamise

Title: General Counsel, Managing Director

Date: 8/20/2014

*[Signature Page to FDIC Agreement]*

## Exhibit A

| | | |
|---|---|---|
| BAFC 2005-7 2A3 | CWALT 2005-81 A4 | CWALT 2006-OA2 A7 |
| BAFC 2006-C 2A2 | CWALT 2005-83CB B2 | CWALT 2007-15CB A12 |
| BAFC 2006-E 2A4 | CWALT 2005-86CB A1 | CWALT 2007-16CB 5A4 |
| BOAA 2005-11 1CB5 | CWALT 2005-J10 2A3 | CWALT 2007-18CB 2A20 |
| BOAMS 2004-H 2A1 | CWALT 2005-J13 1A3 | CWALT 2007-5CB 1A1 |
| BOAMS 2006-A 1A2 | CWALT 2006-12CB 1A8 | CWALT 2007-5CB 1A11 |
| BOAMS 2006-A 2A2 | CWALT 2006-21CB B2 | CWALT 2007-5CB 1A4 |
| CMSI 2007-6 1A4 | CWALT 2006-25CB A1 | CWHL 2005-31 2A1 |
| CWALT 2005-13CB A8 | CWALT 2006-26CB A18 | CWHL 2005-HYB8 4A2 |
| CWALT 2005-38 A2 | CWALT 2006-26CB B2 | CWHL 2006-13 1A19 |
| CWALT 2005-41 2A1 | CWALT 2006-28CB A14 | CWHL 2006-14 A5 |
| CWALT 2005-43 1A2 | CWALT 2006-28CB A4 | CWHL 2006-J1 3A1 |
| CWALT 2005-46CB A14 | CWALT 2006-29T1 3A7 | CWHL 2007-17 3A1 |
| CWALT 2005-51 3A1 | CWALT 2006-29T1 B1 | CWHL 2007-3 A1 |
| CWALT 2005-52CB A4 | CWALT 2006-2CB A13 | CWHL 2007-5 A51 |
| CWALT 2005-58 A3 | CWALT 2006-2CB A9 | CWHL 2007-7 A9 |
| CWALT 2005-62 1A2 | CWALT 2006-30T1 1A5 | FHAMS 2006-FA7 A4 |
| CWALT 2005-65CB 2A4 | CWALT 2006-30T1 2A6 | FHAMS 2007-FA2 1A4 |
| CWALT 2005-74T1 A1 | CWALT 2006-J1 1A6 | FHAMS 2007-FA4 1A4 |
| CWALT 2005-74T1 A5 | CWALT 2006-J5 1A5 | MANA 2007-F1 2A1 |
| CWALT 2005-76 1A2 | CWALT 2006-J8 A2 | CWHL 2005-HYB3 2A3A |

## Exhibit B

| | | |
|---|---|---|
| CWALT 2005-11CB 2A5 | CWALT 2006-26CB A2 | CWALT 2006-7CB 1A9 |
| CWALT 2005-14 2B2 | CWALT 2006-27CB A3 | CWALT 2006-7CB 3A2 |
| CWALT 2005-26CB A1 | CWALT 2006-28CB A19 | CWALT 2006-8T1 2A3 |
| CWALT 2005-27 3A1 | CWALT 2006-28CB A8 | CWALT 2006-8T1 2A3 |
| CWALT 2005-30CB 1A2 | CWALT 2006-29T1 2A5 | CWALT 2006-9T1 A7 |
| CWALT 2005-32T1 A1 | CWALT 2006-2CB A3 | CWALT 2006-J1 1A3 |
| CWALT 2005-46CB A1 | CWALT 2006-30T1 1A3 | CWALT 2006-J3 1A5 |
| CWALT 2005-46CB A14 | CWALT 2006-31CB A15 | CWALT 2006-J8 A2 |
| CWALT 2005-49CB A7 | CWALT 2006-31CB A15 | CWALT 2007-12T1 A1 |
| CWALT 2005-54CB 1A5 | CWALT 2006-32CB A16 | CWALT 2007-19 1A8 |
| CWALT 2005-57CB 3A3 | CWALT 2006-32CB A16 | CWALT 2007-26R |
| CWALT 2005-59 B2 | CWALT 2006-32CB A3 | CWALT 2007-2CB 1A4 |
| CWALT 2005-75CB A3 | CWALT 2006-36T2 2A2 | CWALT 2007-2CB 2A3 |
| CWALT 2005-75CB A3 | CWALT 2006-40T1 2A4 | CWALT 2007-9T1 2A2 |
| CWALT 2005-75CB A4 | CWALT 2006-41CB 1A7 | CWALT 2007-J2 2A1 |
| CWALT 2005-80CB 2A1 | CWALT 2006-41CB 1A7 | CWALT 2007-J2 2A3 |
| CWALT 2005-85CB 2A2 | CWALT 2006-42 1A3 | CWHL 2005-16 A4 |
| CWALT 2005-J14 A3 | CWALT 2006-43CB 1A4 | CWHL 2005-16 A9 |
| CWALT 2005-J6 1A5 | CWALT 2006-43CB 3B1 | CWHL 2005-24 A17 |
| CWALT 2006-11CB 1A2 | CWALT 2006-4CB 2A3 | CWHL 2005-25 A17 |
| CWALT 2006-11CB 2A1 | CWALT 2006-5T2 A3 | CWHL 2005-HYB6 5A1 |
| CWALT 2006-23CB 1A6 | CWALT 2006-6CB 1A8 | CWHL 2005-HYB8 1A1 |
| CWALT 2006-23CB 2A9 | CWALT 2006-7CB 1A16 | CWHL 2005-HYB8 2A1 |
| CWALT 2006-26CB A12 | CWALT 2006-7CB 1A6 | CWHL 2006-10 1A11 |
| CWALT 2006-26CB A14 | CWALT 2006-7CB 1A9 | CWHL 2006-18 2A7 |

**Exhibit B**

CWHL 2006-18 2A7

CWHL 2006-18 2A7

CWHL 2006-21 A16

CWHL 2006-21 A18

CWHL 2006-HYB1 1A1

CWHL 2006-HYB3 M

CWHL 2006-HYB4 1A1

CWHL 2006-J2 1A1

CWHL 2006-J4 A3

CWHL 2007-2 A15

CWHL 2007-J2 2A4

CWHL 2007-J2 2A5

CWL 2005-13 AF6

CWL 2006-15 A6

CWL 2006-19 2A2

CWL 2006-BC4 2A2

CWL 2007-13 2M1